IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPHINE VIRGINIA GRAY :
:
   v. : Civil Action No. DKC 09-0532
       Criminal Case No. DKC 01-0566
:
UNITED STATES OF AMERICA
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Petitioner Josephine Virginia Gray to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (ECF No. 124). The issues are fully briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied.

I. **Background**

On November 7, 2001, Gray was charged by an eight-count indictment with mail and wire fraud. According to the indictment, Gray intentionally caused the deaths of Robert Gray, her second husband, and Clarence Goode, her companion. She then concealed her role in the murders from the insurance companies that had insured the victims and submitted claims to those companies to recover proceeds from the victims' life insurance policies. Following a three-week jury trial, Gray was convicted on all counts.

On December 2, 2002, Gray was sentenced to forty years in prison. The court calculated Gray's sentence using two alternative methods, each of which yielded a base offense level of forty-three. Under the first method, the court applied the cross-reference provision of the fraud guideline to the first-degree murder guideline after finding that the underlying murders were premeditated. Under the second method, the court began with the base offense level for mail fraud and applied enhancements because the offense involved more than one victim as well as use of a firearm. The court then departed upward pursuant to U.S.S.G. § 5K2.1 upon concluding that Gray's schemes to defraud involved two premeditated murders.

Gray appealed her conviction and sentence to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed her conviction, but remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). In so doing, the Fourth Circuit noted that Gray's sentence, given under guidelines that were mandatory at the time of sentencing, had been "based upon a factual finding – that the murders of Robert Gray and Good were premeditated – that the jury was not required to make." *United States v. Gray*, 405 F.3d 227, 243 (4th Cir. 2005), *cert. denied*, 546 U.S. 912 (2005).

Gray's resentencing was held on August 7, 2006. Prior to the proceeding, defense counsel submitted an extensive

memorandum to the court, setting forth multiple reasons why Gray should be resentenced to less than forty years of imprisonment. In the memorandum, Gray's counsel first contended that a cross-reference from the fraud guideline to the first-degree murder guideline was inappropriate because the indictment setting forth the count of conviction alleged intentional murder, rather than premeditated murder. The memorandum also argued against upward departure from the fraud guideline, contending that, *inter alia,* the circumstances surrounding the murders were too unclear to demonstrate first-degree murder. Finally, defense counsel dedicated nearly half of the memorandum to various circumstances demonstrating that Gray's difficult childhood, strong, moral character, age, and health problems did not warrant an upward departure. The government opposed these arguments, contending that Gray's original forty-year sentence remained appropriate even following *Booker*.

At resentencing, Gray's counsel presented each of the arguments set forth in her memorandum to the court, and the government opposed them.[1] After listening to argument from both sides, the court "reaffirm[ed] all of the guideline findings that [it] made at the time of the initial sentencing."

---

[1] Pursuant to Federal Rule of Criminal Procedure 43(c)(1)(B), Gray waived her right to attend the resentencing.

(Resentencing Tr. 39, Aug. 7, 2006).  The court again concluded that cross-reference from the fraud guideline to the first-degree murder guideline was appropriate because the facts set forth in the indictment alleged premeditation in the murders of Robert Gray and Goode.  Alternatively, the court concluded that an upward variance from the guidelines was appropriate given the circumstances surrounding the insurance fraud and underlying murders.[2]  Under either method, the court held that a forty-year sentence was appropriate and resentenced Gray accordingly.

Gray again appealed to the Fourth Circuit.  She raised three arguments on appeal:  (1) that the court erred in applying the cross-reference provision of the fraud guideline to the first-degree murder guideline because the indictment did not establish premeditated murder; (2) that her Fifth Amendment right to due process was violated because the court's fact-finding was based on a preponderance of the evidence standard; and (3) that the court unreasonably varied from the advisory guideline range.  The Fourth Circuit affirmed Gray's sentence, holding that the court's cross-reference to the first-degree murder guideline was appropriate because "the language of the indictment clearly articulate[d] premeditated, first-degree

---

[2] In so doing, the court declined to accept the argument of Gray's counsel that her life circumstances warranted a lesser sentence.

4

murder." *United States v. Gray*, 253 F.App'x 321, at *1 (4th Cir. 2007). The Fourth Circuit also held that the court had not violated Gray's due process rights "by adopting factual findings based on a preponderance of the evidence standard." *Id.* at *2 (citing *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005)). Because it affirmed Gray's sentence on these grounds, the Fourth Circuit expressly declined to address her argument that the court's upward variance – an alternative ground for imposing the sentence – was unreasonable. Gray subsequently filed a petition for writ of certiorari in the Supreme Court of the United States, but it was denied on March 17, 2008. *Gray v. United States*, 552 U.S. 1270 (2008).

On March 4, 2009, Gray timely filed this motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The government opposed her motion on April 29, 2009. Gray has not filed a reply.

## II. Standard of Review

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." A *pro se* movant is of course entitled to have her arguments reviewed with appropriate consideration. *See Gordon*

*v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). But if the § 2255 motion, along with the files and records of the case, conclusively shows that she is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b).

**III. Analysis**

Gray seeks relief on the following four grounds: (1) she received ineffective assistance of counsel with regard to her resentencing; (2) the court's fact-finding "must be governed by a standard . . . higher than a preponderance of the evidence" to satisfy due process; (3) her sentence is "[i]llegal because the sentencing guidelines were unconstitutional"; and (4) she "[o]bjected to an upward variance from the applicable guideline range." (ECF No. 124, at 5-6). Each of these arguments will be addressed in turn.

    **A.   Ineffective Assistance of Counsel**

First, Gray contends that she received ineffective assistance of counsel with regard to her resentencing. Such claims are governed by the well-settled standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the *Strickland* standard, the petitioner must show both that her attorney's performance fell below an objective standard of reasonableness and that she suffered actual prejudice. *See Strickland*, 466 U.S. at 687. To demonstrate actual prejudice,

6

she must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In applying *Strickland*, there exists a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *See id.* at 688-89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Courts must judge the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000). Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted even had the attorney's performance been deficient. *See Strickland*, 466 U.S. at 697.

Here, Gray's ineffective assistance claim could be interpreted in two ways. At one point in her motion, Gray asserts that "counsel has not fought to have [her] resentenced under [the] new *Booker* guidelines," (ECF No. 124, at 6), a contention that likely stems from the fact Gray received the same sentence at her original sentencing and at resentencing. To the extent Gray intends to argue that her counsel's performance was deficient because she was not resentenced under the advisory guidelines, this argument is meritless.

7

The Fourth Circuit has explained the impact of the Supreme Court's decision in *Booker*, which declared that mandatory sentencing guidelines violated the Sixth Amendment of the Constitution, as follows:

> *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system.

*Morris*, 429 F.3d at 72 (quoting *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005)). Accordingly, "[i]n the wake of *Booker*, . . . the discretion of a sentencing court is no longer bound by the range prescribed by the guidelines." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). The sentencing court, however, must still consult the guidelines and consider them when determining an appropriate sentence. *Id.* (quoting *Booker*, 540 U.S. at 264).

In the present case, although Gray received a forty-year term of imprisonment at both sentencing proceedings, her resentencing took place more than eighteen months after *Booker* was decided, and the court expressly conducted the second

8

proceeding on remand from the Fourth Circuit to resentence in light of *Booker*. (*See* Resentencing Tr. 7, Aug. 7, 2006) ("The mandate is for [the court] to hold a sentencing hearing in light of *Booker*. The guidelines are advisory."); (*id.* at 38) (the court discussing remands in light of *Booker*'s conclusion that the sentencing guidelines are advisory). Additionally, the court explained during the proceeding that, although the guidelines were only advisory in light of *Booker*, they remained a relevant "factor" to consider when determining an appropriate sentence. (*Id.* at 7). Following argument from both sides regarding an appropriate sentence, the court then proceeded to "adopt and . . . reaffirm all of the guideline findings that [it] had made at the time of the initial sentencing." (*Id.* at 39). Thus, Gray was resentenced in accordance with *Booker*, and the fact that the court imposed the same term of imprisonment is of no moment. *See United States v. Anthony*, 202 F.App'x 617, 619 (4th Cir. 2006) (rejecting the defendants' contention that the district court had "erred by applying a '*de facto* mandatory Guidelines standard' in resentencing them to the same sentence" where "the district judge clearly and accurately enunciated this court's directive [to resentence in accordance with *Booker*,] . . . considered the arguments of counsel, and decided that its original findings did not need to be altered"), *cert. denied*, 551 U.S. 1168 (2007); *see also Hughes*, 401 F.3d at 546

(explaining that, even though the sentencing guidelines were no longer mandatory, district courts must nonetheless consider those guidelines, along with other "factors," in determining a defendant's sentence).

To the extent Gray intends to argue that her counsel was ineffective in not doing enough to obtain a lighter sentence, as suggested by the assertion that "counsel should have pursued [resentencing] further" due to questions regarding the "legitimacy of [the original] sentencing," this argument fails on two alternative grounds. (ECF No. 124, at 6). First, Gray provides only conclusory allegations regarding her counsel's ineffectiveness, contrary to *Strickland*'s mandate that a petitioner "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Courts facing similarly sparse allegations in habeas corpus petitions have concluded that a claim for ineffective assistance of counsel may fail on that basis alone. *See, e.g.*, *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (holding that "[u]nsupported, conclusory allegations" of ineffective assistance are subject to dismissal), *abrogated on other grounds by Gray v. Netherland*, 518 U.S. 152 (1996); *Wagner v. United States*, 377 F.Supp.2d 505, 509 (D.S.C. 2005) (explaining that "[m]ere conclusory allegations in support of a claim of ineffective assistance of

counsel are insufficient to raise a constitutional issue"), *appeal dismissed*, 146 F.App'x 701 (4th Cir. 2005); *cf. Anjum*, 961 F.Supp. at 888 (rejecting the petitioner's ineffective assistance claim regarding proper translation of key documents where he "ma[de] no attempt to specify the alleged inaccuracies [in the translation]").

Second, the record does not reveal any act or omission of Gray's counsel to support the contention that counsel's performance was deficient with regard to resentencing. Gray's counsel submitted a comprehensive memorandum to the court prior to resentencing that presented numerous reasons why a sentence of 136 to 168 months – rather than forty years – was appropriate. At the hearing itself, counsel gave extensive argument on these points, focusing particularly on why the court should not apply the cross-reference provision of the fraud guideline to the first-degree murder guideline and why Gray's childhood, character, age, and health warranted a lower sentence. (*See* Resentencing Tr. 5-8, 15-34, Aug. 7, 2006). The court rejected counsel's arguments in the end, but that fact alone hardly renders counsel's performance with regard to the resentencing deficient. *See Brown v. United States*, Nos. 3:08CV524-W-02, 3:01CR185-V, 2008 WL 5110748, at *5 (W.D.N.C. Dec. 3, 2008) (denying a § 2255 motion for ineffective assistance of counsel based on purportedly inadequate

11

preparation for resentencing where "the record reflect[ed] that counsel [had] made an extensive argument concerning . . . [certain sentencing] enhancements"), *appeal dismissed*, 361 F.App'x 494 (4th Cir. 2010); *Simpson v. United States*, Nos. 3:08CV197-03-MU, 3:01CR189-4, 2008 WL 2001811, at *2 (W.D.N.C. May 7, 2008) (rejecting a petitioner's claim that counsel failed to argue effectively against improper guideline enhancements where counsel filed "at least twelve objections to the presentence report, filed two comprehensive sentencing memoranda and a motion for downward departure and filed two appeals . . . contesting the enhancements Petitioner received at sentencing"), *appeal dismissed*, 300 F.App'x 251 (4th Cir. 2008).[3] Gray's ineffective assistance claim must, therefore, fail.

**B. Due Process Violation**

Gray also contends that her due process rights were violated because the court found facts at her resentencing under a preponderance of the evidence standard. This argument, however, was considered and rejected on Gray's direct appeal to the Fourth Circuit in 2007, *see Gray*, 253 F.App'x 321, at *2 (citing *Morris*, 429 F.3d at 72), and no intervening change in the law has since occurred, *see United States v. Grubbs*, 585

---

[3] Gray's counsel noted an appeal from her resentencing two days after the conclusion of that proceeding.

F.3d 793, 802 (4th Cir. 2009) (concluding that "the due process clause does not require the district court to find uncharged conduct by a heightened standard of proof before using it as a basis for determining a defendant's sentence"), *cert. denied*, 130 S.Ct. 1923 (2010).  Accordingly, Gray may not relitigate this issue through a § 2255 motion.  *See United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004) (concluding that § 2255 petitioners could not "relitigate issues previously rejected on direct appeal" where they had "not pointed to any change in the law that warrant[ed] . . . reconsideration" (citing *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976))), *cert. denied*, 546 U.S. 810 (2005).

   **C.   Illegal Sentence Due to Unconstitutional Sentencing Guidelines**

   Gray further argues that her forty-year term of imprisonment is "illegal because the sentencing guidelines were unconstitutional."  (ECF No. 124, at 5).  In support of this argument, she states only that the "4th Circuit Court ordered vac[atur] and resentencing.  Judge again denied."  (*Id.*).  This description again suggests that Gray believes she was not resentenced in accordance with *Booker* because she received the same sentence at her original sentencing and at resentencing.[4]

---

   [4] The government reads this argument as another attempt by Gray to assert that her sentence was unreasonable because the

13

As previously explained, however, such a contention is wholly without merit, and this claim cannot go forward.

**D. Objection to Upward Variance on Resentencing**

Finally, Gray challenges the court's "upward variance from the applicable guideline range" on resentencing. (ECF No. 124, at 5). The government's brief suggests that objection on this ground is procedurally barred because this argument was "articulated, and . . . rejected, by the Fourth Circuit in [Gray's] second direct appeal." (ECF No. 126, at 4). That suggestion, however, is incorrect. Although Gray did present the upward variance argument as a ground for appeal, the Fourth Circuit expressly declined to address the issue because it found Gray's sentence reasonable based on the court's application of the cross-reference provision of the fraud guideline to the first-degree murder guideline. Because the Fourth Circuit did not "fully consider[]" the reasonableness of the court's upward variance when considering the legality of Gray's sentence, *Boeckenhaupt*, 537 F.2d at 1183, Gray is not barred from raising that objection here.

---

court applied the cross-reference provision of the fraud guideline to the first-degree murder guideline. To the extent Gray intends to make such an argument, she is procedurally barred from doing so because the Fourth Circuit evaluated and rejected this contention on direct appeal. *See Gray*, 253 F.App'x 321, at *1-2; *Roane*, 378 F.3d at 396 n.7.

14

In the end, however, the merits of this argument need not be addressed, even though the argument is not itself procedurally barred. Indeed, the Fourth Circuit's reasoning on direct appeal renders the outcome of this argument irrelevant. That is, because the Fourth Circuit upheld Gray's sentence on a wholly independent ground - by cross-reference to the first-degree murder guideline, disposition of the present issue has no bearing on the case. Gray's sentence would remain reasonable and, therefore, intact, even if the court now concluded that the alternative upward variance was itself unreasonable. Accordingly, Gray's attempt to attack her sentence by objecting to the upward variance must fail.

**IV. Conclusion**

For the foregoing reasons, Gray's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted). Upon its review of the record, the court finds that Gray does not satisfy the above standard.

A separate Order will follow.

                                                  /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge